J-S28010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                       :                   PENNSYLVANIA
                                                       :

              v.                                  :
                                                         :

MIGUEL GONZALEZ                          :
                                                          :

                Appellant            :      No. 2952 EDA 2023

Appeal from the PCRA Order Entered October 27, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0013833-2013


BEFORE: STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY STABILE, J.:           **FILED NOVEMBER 25, 2024**

Appellant, Miguel Gonzalez, appeals *pro se* from the October 27, 2023, order of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The relevant facts and procedural history of this appeal are as follows. Appellant and his cohort, Desiree Hicks, developed a plan to kill the victim, who was Ms. Hicks' boyfriend. On May 31, 2012, Appellant shot and killed the victim.

> [On August 8, 2013, Appellant was arrested] and charged with murder, conspiracy, possession of a firearm prohibited, firearms not to carried without a license, and carry firearms in public. On April 23, 2014, [Appellant] entered into a negotiated guilty plea to murder of the third-degree [], conspiracy, and a violation of the Uniform Firearms Act, and was sentenced . . . to thirty to sixty years of incarceration. No post-sentence motions were filed, and [Appellant] did not appeal. [Appellant] filed a timely pro se

petition under the [PCRA] on February 23, 2015, and appointed counsel filed an amended petition on August 5, 2017.

On January 19, 2018, on agreement of the parties, the [PCRA] court granted [Appellant] the right to appeal *nunc pro tunc*. Appellant filed a notice of appeal to the Superior Court on February 14, 2018. [We affirmed the judgment of sentence on August 19, 2019. **See Commonwealth v. Gonzalez**, 2019 WL 3909507 (Pa. Super. August 19, 2019)].

[Appellant] filed a second [PCRA] petition on August 18, 2020. . . . On April 14, 2021, [counsel] for [Appellant] filed a [**Turner**/**Finley**[1]] letter. After counsel submitted the [**Turner**/**Finley**] letter asserting that the issues raised in the PCRA petition lacked merit, [the PCRA] court conducted an independent review of his petition. Pursuant to the PCRA, [the PCRA] court dismissed the petition for lack of merit on August 18, 2021.

On April 17, 2023, [Appellant] filed a Writ of [Habeas] Corpus[, which the lower court treated as a PCRA petition]. On September 20, 2023[,] the [PCRA] court sent Appellant a notice of intent to dismiss his petition[.] The [PCRA] court dismissed [Appellant's] PCRA petition . . . on October 27, 2023.

PCRA Court Opinion, 1/26/24, at 1-3 (footnotes and unnecessary capitalization omitted).

Both the PCRA court and Appellant complied with Pa.R.A.P. 1925. This appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error."

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). "[I]t is the burden of a petitioner to plead in the PCRA petition exceptions to the time bar and that burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) (citations omitted). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008).

In the underlying PCRA petition, Appellant raises several substantive issues.[2] However, nowhere does Appellant acknowledge that his PCRA petition is facially untimely or does he discuss how he intends to overcome the untimeliness. The PCRA court dismissed the petition as untimely.[3] We agree. *See Wharton*, *supra*.

On appeal, in addition to the substantive claims raised below, Appellant, for the first time, argues that his underlying petition is timely under *Bradley*.[4] Specifically, Appellant argues that he filed the underlying petition as soon as he discovered that he could do so (*i.e.*, challenge the ineffectiveness of counsel) under *Bradley*. Thus, while not specifically stated as such, it would appear that Appellant is arguing that *Bradley* qualifies as a newly-discovered fact exception. We disagree.

In *Bradley*, our Supreme Court extended the opportunity for a PCRA petitioner to raise claims of PCRA counsel's ineffectiveness. Previously, "the sole method by which a petitioner c[ould] challenge the ineffectiveness of his PCRA counsel [wa]s through the filing of a response to the PCRA court's Rule

_____

[2] Mostly claims of ineffective assistance of counsel.

[3] Appellant's judgment of sentence became final on the expiration of the term to appeal to the Supreme Court (*i.e.*, September 18, 2019). See 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Therefore, Appellant had one year from September 18, 2019, or until September 18, 2020, to file a timely petition under the PCRA. Because Appellant filed the instant petition on April 17, 2023, his petition is facially untimely.

[4] *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021).

907 dismissal notice." ***Bradley***, 261 A.3d at 386. The ***Bradley*** Court abandoned that approach, holding "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Id.*** at 401.

To the extent that Appellant argues that ***Bradley*** is applicable here, the claim is without merit.

First, judicial opinions do not qualify as a previously unknown "fact" capable of triggering the newly-discovered fact timeliness exception codified in 42 Pa.C.S.A. § 9545(b)(1)(ii). ***See Commonwealth v. Watts***, 23 A.3d 980 (Pa. 2011).

Second, this Court has continually declined to extend the holding of ***Bradley*** to cases involving untimely petitions, like the instant one. ***See***, ***e.g.***, ***Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa. Super. 2023) (concluding that "[n]othing in ***Bradley*** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel[.] [Indeed, in ***Bradley***, our Supreme Court] unambiguously rejected the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel); ***Commonwealth v. Mead***, 2022 WL 984604 at *3 n.2 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 284 A.3d 118 (Pa. 2022) (emphasizing that ***Bradley*** involved a timely first PCRA petition and did

not apply to appellant's appeal from order denying his untimely petition); *Commonwealth v. Morton*, 2023 WL 118686 at *2 (Pa. Super. 2023) (unpublished memorandum) (holding that appellant's reliance on *Bradley* does not afford relief in his appeal from the denial of his untimely second PCRA petition); *Commonwealth v. Gurdine*, 2022 WL 576155 at *4 n.14 (Pa. Super. 2022) (unpublished memorandum), *appeal denied*, 286 A.3d 707 (pa. 2022) (same).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/25/2024